UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

In re: Jennings Theodore Williams                                    Case No. 04-31522-DOT
       Patricia Leigh Williams                                              Chapter 7

           Debtors.

## **OPINION**

The trustee objects to debtors' claimed exemptions. The principal issue is whether assets debtors purchased with the proceeds of a personal injury recovery retain the same exempt status that the personal injury recovery has under Virginia law. For reasons stated in this opinion, the court will allow the exemptions and overrule the trustee's objection.

Findings of Fact.

Debtors were in a previous 1988 Chapter 7 case where they recorded a homestead deed claiming a $ 2,197.60 homestead exemption. On October 28, 2002, debtors retained their present bankruptcy counsel in this case and prepared their schedules to file the instant bankruptcy case. During the following month, and before debtors filed their petition, the wife was in a car accident. Debtors postponed filing their petition and commenced a personal injury action related to the wife's injuries in the car accident. The wife settled her personal injury action during December 2003, following which debtors purchased a van and mobile home in late December 2003 and early January 2004, respectively.

Debtors filed their bankruptcy petition in the instant case on February 20, 2004, without updating the schedules that they prepared in October 2002, thus omitting their personal injury recovery and purchases of property with the proceeds. In their memorandum in response to the

trustee's objection to their exemptions, debtors state that they informed their attorney of the personal injury case, but their counsel did not instruct them to update their schedules, and they did not do so.

At the initial 11 U.S.C. § 341 meeting, held April 2, 2004, debtors volunteered their ownership of the mobile home and van. Debtors filed amended schedules on April 5, 2005, fully disclosing the personal injury settlement, mobile home and Ford van. In their amended schedules, they claimed exemptions in the following property on their Schedule C:

|  | Property | Exemption Amount | Va. Code Section |
|---|---|---|---|
| (i) | 1991 Chevrolet Cavalier | $ 2,000.00 | § 34-26(8) |
| (i) | 2000 Ford Winstar | $ 7,000.00 | § 34-28.1 |
| (ii) | 2004 Clayton Mobile Home | $ 35,000.00 | § 34-28.1 |
| (iii) | Anniversary ring | $ 800.00 | §§ 34-4, 34-13 |
| (iv) | Clothes | $ 300.00 | § 34-26(4) |
| (iv) | Federal and Va. tax refunds | $ 2,093.00 | §§ 34-4, 34-13 |
| (v) | Household furniture, home electronics, lawn mower and old clock | $ 4,000.00 | § 34-26(4a) |
| (vi) | Old books | $ 200.00 | § 34-26(4a) |
| (vii) | Proceeds from personal injury case | $73,000 | § 34-28.1 |
| (viii) | Jewelry | $ 400.00 | § 34-26(4a) |

Debtors claimed the proceeds of the personal injury action, the mobile home and the van as exempt property under Va. Code § 34-28.1. The trustee filed his objection to debtors' exemptions on Jule 11, 2004. The trustee conducted the initial 11 U.S.C. § 341 meeting on April 2, 2004, and adjourned the meeting twice thereafter. The trustee did not conclude the § 341 meeting until May 12, 2004. The trustee's "341(A) Calendar" from May 12, 2004, lists a 1:00

PM meeting with debtors, and adjacent to the entry are the comments, "Asset, NO SHOW." The trustee filed his objection to debtors' exemptions on June 11, 2004, thirty days from the conclusion of the § 341 meeting.

Debtors submitted as exhibits a settlement statement dated December 18, 2003, a receipt for the purchase of the van dated December 24, 2003, a sales contract for the mobile home dated January 6, 2004, and a receipt for the purchase of the mobile home dated January 7, 2004. The receipts show that debtors paid for the van and mobile home by check.

<u>Conclusions of Law.</u>

Debtors' schedule of exemptions states that they bought their Ford Winstar and mobile home with the proceeds of the personal injury case.

The trustee objects to debtors' attempt to exempt under Va. Code §§ 34-4, 34-13 and 34-28.1 the Clayton Mobile Home, Ford Winstar, tax refunds, anniversary ring, a REEC deposit, and jewelry. Debtors' amended schedules do not claim an exemption for a REEC deposit; therefore, the court will disregard that element of the trustee's objection.

The trustee argues that debtors claimed exemptions under Va. Code § 34-4 in a 1985 case and have exhausted the § 34-4 exemptions. The trustee also argues that debtors failed to initially disclose the settlement proceeds and the van and mobile home, and he urges the court to consequently deny those exemptions. Additionally, the trustee argues that Va. Code § 34-28.1 exempts proceeds from a court award or settlement on account of a personal injury action but does not provide an exemption for property purchased with the proceeds.

Debtors argue that the trustee's objection was untimely, being filed more than 30 days after the amended schedules without a request for an extension of time. The trustee responds that

3

he timely filed his objection within 30 days of the conclusion of the 11 U.S.C. § 341 meeting.

Debtors also argue that the omission of the proceeds of the personal injury award and the property bought with the proceeds from the original schedules was an error and not a willful attempt to mislead the trustee.

The court held a hearing on September 8, 2004, on the trustee's objection to debtors' scheduled exemptions. In November 2004, the parties filed memoranda supporting their respective arguments.

AVAILABILITY OF THE HOMESTEAD EXEMPTION

Va. Code § 34-4 provides a homestead exemption of real and personal property, not to exceed $ 5,000.00, with debtors selecting property they wish to exempt.[1] Va. Code § 34-4.

Va. Code § 34-21 prohibits debtors from exceeding the $ 5,000.00 homestead exemption limit in multiple bankruptcies. Once debtors reach the $ 5,000.00 limit, § 34-21 bars them from taking a homestead exemption in future bankruptcies. See Oppenheimer v. Howell, 76 Va. 218, 222 (1882)(followed by In re Redmon, 31 B.R. 756, 759 (Bankr. E.D. Va. 1983)). To the extent that debtors have exhausted their homestead exemption in a previous bankruptcy case, they may not benefit from the exemption anew in the instant case. Debtors must file an amended homestead deed and schedule of exemptions, limiting their exemption to property worth $ 5,000.00 less their previously taken homestead exemption of $ 2,197.60, for a homestead exemption in the instant case of $ 2,802.40.

TIMELINESS OF TRUSTEE'S OBJECTION

---

[1]Disabled veterans and debtors with dependents have an increased homestead exemption. The instant debtors have no dependants, and neither debtor is a disabled veteran. 34-4.1.

4

Debtors argue that the trustee did not timely object to their exemptions, having filed his objection more than 30 days from the date of the amended schedules, and consequently, they urge the court to deny his objection. 11 U.S.C. 522(*l*) states, "Unless a party in interest objects, the property claimed as exempt . . . is exempt." 522(*l*) does not provide a time limit for a party in interest to file an objection. Fed. R. Bankr. Proc. 4003(b) states:

> A party in interest may file an objection to the list of property claimed as exempt within 30 days after the meeting of the creditors held under § 341(a) is concluded or within 30 days after any amendment to the list or supplemental schedules is filed, whichever is later. The court may, for cause, extend the time for filing objections if, before the time to object expires, a party in interest files a request for an extension.

The court in Taylor v. Freeland & Kronz, 503 U.S. 638, 644 (1992), on which debtors rely to support their argument that the trustee's objection was untimely, held that a party in interest's failure to timely file an objection resulted in the allowance of the exemption even if debtor could not otherwise properly claim the exemption. A prominent bankruptcy treatise states:

> The Court's ruling in *Taylor v. Freeland & Kronz* follows directly from section 522(*l*), which provides that property claimed as exempt is exempt in the absence of objection. The failure of the trustee to act timely under the Federal Rules of Bankruptcy Procedure led to the enforcement of that portion of section 522(*l*).

Collier on Bankruptcy, P. 522.05[2][a] (Lawrence P. King, 15th ed. Rev.)(2001).

There are two parts to the time limit for objecting to a debtor's claim of exemptions, and the objecting party needs to satisfy just one part. Rule 4003(b) requires the party in interest to file his objection within *the later of* "30 days after the meeting of creditors held under § 341(a)

5

is concluded *or* within 30 days after any amendment to the list or supplemental schedules is filed . . .." (emphasis added). The trustee's "341(A) Calendar" from May 12, 2004, lists a 1:00 PM meeting with debtors. While the trustee filed his objection more than thirty days after debtors filed their amended schedules, the trustee filed his objection to debtors' exemptions on June 11, 2004, thirty days from the conclusion of the § 341 meeting. The trustee thus timely filed his objection.

DEBTORS' FAILURE TO SCHEDULE EXEMPT ASSETS

The trustee alleges that debtors initially failed to disclose the settlement proceeds and the van and mobile home that they bought with the proceeds, and he urges the court to consequently deny those exemptions. Debtors respond that their omission of the proceeds of the personal injury award and the property bought with the proceeds from the original schedules was an error and not a willful attempt to mislead the trustee and is insufficient to give merit to the trustee's objection. Rule 4003(c) places the burden of proving that the debtors do not properly claim the exemption on the trustee.

The trustee does not cite to any code section or case law that would allow the court to deny the debtors' exemption of the settlement proceeds and the van and mobile home they purchased with the proceeds. Additionally, the trustee does not allege that debtors transferred the assets prior to filing their petition or otherwise schemed to secret the assets away. The trustee does not dispute that debtors voluntarily disclosed their ownership of the settlement proceeds, van and mobile home at their initial § 341 meeting.

If the court sustains the trustee's objection, it will have to do so using its equitable power under 11 U.S.C. § 105(a). "Courts of bankruptcy proceed upon equitable principles and should

no more sustain a positive fraud than would a court of equity." Hyman v. Stern, 43 F.2d 666, 668 (4th Cir. 1930). Consequently, a court can disallow a debtor's exemptions when the debtor uses "willful fraud" to conceal assets from the trustee and retain an amount greater than the exemption laws of his state allow. Hyman, 43 F.2d at 668.

11 U.S.C. § 521(1) requires debtors to schedule their assets. Debtors clearly violated § 521(1) by omitting ownership of the proceeds, van and mobile home. Rule 1009(a) lessens the significance of debtors' violation and states, "[a] voluntary petition, list, schedule or statement may be amended by the debtor as a matter of course at any time before the case is closed."

The Bankruptcy Code provides a "permissive approach to amendment of a voluntary petition." Tignor v. Parkinson (In re Tignor), 729 F.2d 977, 978 (4th Cir. 1984)(discussing former Rule of Bankruptcy Procedure 110(a), the predecessor to Rule 1009(a)). In his voluntary petition, the debtor Tignor listed on his schedule of personal property an unliquidated claim of unknown value against his employer, the Richmond, Fredericksburg & Potomac Railroad Company, but he did not schedule the claim as an exempt asset. Tignor, 729 F.2d at 978. More than one year after the petition date, the debtor settled the claim for $ 150,000.00 and amended his schedules to claim the proceeds as exempt. Id. The trustee claimed,

> [C]reditors were entitled to rely on the debtor's personal injury claim as a fund from which their claims would be paid and to rely on the debtor's election to exempt other property, particularly because the debtor did not seek exemption of the claim until a year after the first creditor's meeting.

729 F.2d at 979.

The court of appeals rejected the trustee's objection to the debtor's asset, and while

7

acknowledging the debtor's sloppiness in preparing his schedules, the court found that the trustee failed to present evidence of fraud or abuse of process that would demonstrate the debtor's "intention to deceive or take unfair advantage." Id. at 728-29. Sloppiness, without evidence of an intent to deceive or take an unfair advantage does not present a case of abuse of process to be remedied by the court's equitable powers under 11 U.S.C. § 105. Id. More recently, a bankruptcy court has held that Rule 1009(a) is a "permissive" rule that allows a debtor to amend his schedule of state exemptions in the absence of "limited instances" of "bad faith" or "prejudice to creditors." In re Mueller, 256 B.R. 445, 451 (Bankr. D.M.D. 2000).

The facts of the instant care are slightly different. The debtors not only failed to claim an exemption in the proceeds of the personal injury action and the assets they immediately thereafter purchased with the proceeds, but they also failed to even list the assets in their schedule of personal property. Lessening the significance of their failure is their accurate disclosure of the settlement proceeds and the mobile home and van during the initial § 341 meeting.

Candid disclosure of the otherwise exempt settlement proceeds at the § 341 meeting is not indicative of a fraudulent intent. Likewise, the trustee has not presented evidence that the debtors' failure to schedule the settlement proceeds and mobile home and van prejudiced creditors or delayed the administration of the bankruptcy estate. The instant debtors did not make fraudulent transfers of the assets they now seek to exempt. Cf. Tavenner v. Smoot (In re Smoot), 257 F.3d 401 (Bankr. E.D. Va. 2001), aff'd 257 F.3d 401 (4th Cir. 2001). Debtors did not transfer their assets at all, they merely changed the form of their assets, from cash proceeds of a personal

8

injury award to a mobile home and a van. At worst, debtors were not diligent to ensure that their schedules, which they prepared more than one year prior to filing their petition, reflected their circumstances as they were on the petition date, and they corrected their shortcomings at the first § 341 meeting. Candid and accurate disclosure of assets and liabilities is necessary for efficient administration of the bankruptcy estate. However, the instant debtors' lack of diligence, without even an inference of fraudulent intent or prejudice, does not justify the loss of their Va. Code § 34.28.1 exemption in the proceeds of the personal injury action. Collier agrees with this conclusion:

> If it is clear that the failure to schedule the asset was inadvertent and had no effect on the case because the asset could have been exempted or would have been abandoned had it been properly scheduled, the failure to schedule the asset should not have an adverse effect on the debtor.

Collier on Bankruptcy, P. 4003.02[2] (Lawrence P. King, 15th ed. Rev.)(2001).

Where the trustee demonstrates that a debtor's misstatements reflect an intent to defraud creditors or hinder the administration of his estate, the court is prone to disallow the exemption.

EXEMPT STATUS OF ASSETS ACQUIRED WITH EXEMPT PROCEEDS

Va Code § 34-28.1 states:

> [A]ll causes of action for personal injury or wrongful death and the proceeds derived from court award or settlement shall be exempt from creditor process against the injured person or statutory beneficiary . . ..

The section does not provide an exemption for property a debtor purchases with the

9

proceeds of an exempt personal injury or wrongful death action. The trustee argues that extending the exemption to property purchased with exempt proceeds "would create unworkable and impossible situations where commerce would be frustrated due to the hidden nature of certain claims to assets." The trustee does not elaborate further. The court does not agree. If a creditor holds a lien on an otherwise exempt asset, neither 11 U.S.C. § 522 nor Title 34 of the Virginia Code invalidates the lien in bankruptcy with the exception of certain intra family liens and non-possessory, non-purchase-money security interests in specific items. See Stone Street Services v. Granati (In re Granati), 271 B.R. 89, 95 (Bankr. E.D. Va. 2001). The court does not foresee a bourgeoning crisis where creditors will shy from accepting voluntary liens for fear of entangling themselves in an inextricable web of exempt assets borrowers have acquired with the exempt proceeds of personal injury awards. A voluntary lien generally defeats an exemption in the same asset.

Debtors argue that when an asset is "demonstrably acquired using the potentially exempt funds as is clearly the case given the sequence of events, the Trustee's broad policy argument that such a conclusion would frustrate commerce is certainly a construction that is not a liberal one." Based on a review of debtors' exhibits showing the close proximity in time between the settlement date and purchases of the van and mobile home, the court finds that debtors bought the mobile home and van with the proceeds of the personal injury action.

Va. Code § 34-20 provides for the exemption of property a debtor purchases with the proceeds of exempt property.[2] But Va. Code § 34-20, in chapter 2 of Title 34, applies to

---

[2] § 34-20. Proceeds of sale of estate exempt; how evidenced. - The estate or property in which proceeds of sale are invested, or which may be acquired in exchange, under any of the preceding sections of this chapter, shall be held exempt in like manner and to the like extent as the estate sold or exchanged was held. But such estate or property when acquired in exchange or

exemptions under "*preceding* sections of this chapter." (emphasis added). The instant debtors claim an exemption in the proceeds of the personal injury award under Va. Code § 34-28.1, a *succeeding* section that is in Chapter 3 of Title 34. Consequently, debtors cannot take advantage of § 34-20 to exempt property they purchased with the settlement proceeds of the personal injury action. However, it is illogical that debtors cannot exempt as proceeds of the personal injury action property that they purchased with the proceeds so very near in time to their receipt of the proceeds and so easily traceable to the proceeds.

     Personal injury awards compensate an injured person for suffering and often for lost employment or reduced physical ability and the consequent expenses of the new physical limitations. The court can foresee a situation where a debtor's injury would require the use a wheelchair, and therefore, the debtor would use the proceeds of the personal injury award to buy a home modeled for a wheelchair bound handicapped person and a vehicle equipped with a wheelchair lift and no foot peddles. This hypothetical debtor's personal injury award would likely contemplate these expenses associated with regaining pre-injury independence. It is illogical that the debtor could exempt the personal injury award that compensates for the injury and resulting physical limitations but could not exempt the modified home or vehicle designed to restore pre-injury independence, the same property that the personal injury award contemplated the debtor would need to acquire on account of the injury. The trustee proposes that if the hypothetical debtor received the modified home and vehicle directly from the wrongdoer as a settlement or an award, the debtor could exempt the property but could not exempt the same

---

otherwise than by investment under an order of court, or unless when set apart by a court, shall be set apart, if real estate, by such writing as is prescribed by § 34-6; if personal estate, by such a writing as is prescribed by § 34-14, and such writing shall be recorded as provided by the same sections, respectively.

property if it was bought it with a cash award or settlement. The court cannot adopt the trustee's proposition.

In the instant bankruptcy case, debtors' evidence clearly traces their purchase of the mobile home and van with the proceeds of the personal injury action within a couple of weeks from the settlement date. The court finds it reasonable to extend the Va. Code § 34-28.1 exemption in proceeds of a personal injury action to property the debtors irrefutably purchased with the proceeds immediately after their receipt of the proceeds.

The court's reasoning finds support in Virginia's treatment of cash proceeds of converted entireties property held by a debtor and the debtor's spouse. In Virginia, "entireties property is immune from the claims of creditors of one of the spouses alone." Bass v. Thacker (In re Thacker), 5 B.R. 592, 595 (Bankr. W.D. Va. 1980)(following Vasilion v. Vasilion, 192 Va. 735, 66 S.E.2d 599 (1951)). A debtor and the debtor's spouse likewise hold by the entireties the proceeds from the sale of entireties property. Fairfield v. United States (In re Ballard), 65 F.3d 367, 370 (Bankr. E.D. Va. 1995)(following Oliver v. Givens, 204 Va. 123, 129 S.E.2d 661 (1963).

Conclusion.

The trustee timely filed his objection to debtors' exemptions within thirty days from the conclusion of the 11 U.S.C. § 341 meeting, and debtors are entitled to a homestead exemption only to the extent that they have not exhausted their one homestead exemption in previous cases. Further, the debtors may take advantage of Va. Code § 34-28.1 to exempt the remaining settlement proceeds, mobile home and van. They purchased the mobile home and van with the settlement proceeds shortly after receipt of the proceeds, and the court's ability to easily trace the

settlement proceeds to the mobile home and van is sufficient to extend the exemption under Va. Code 34-28.1 to those assets. Debtors' omission of the settlement proceeds, van and mobile home from their original schedules, without even an inference of fraudulent intent, is not grounds for the court to employ its equitable powers under 11 U.S.C. § 105 to disallow their exemption in those assets.

A separate order will be entered.


Signed: _____

    /s/ Douglas O. Tice Jr.
DOUGLAS O. TICE JR.
CHIEF JUDGE
UNITED STATES BANKRUPTCY COURT


Copies to:

Mr. Bruce H. Matson, Esq.
Leclair Ryan, P.C.
951 East Byrd Street, 8th Floor
Richmond, Virginia 23219
*Trustee*

Mr. Charles Cowsert, Esq.
4908 Hood Drive
Fredericksburg, Virginia 22408
*Counsel for debtors*

Jennings Theodore Williams
Patricia Leigh Williams
7172 Trump Drive Lot 21
Woodford, Virginia 22580
*Debtors*

14